MURIEL FIEDLER
     Plaintiff,

v.

MACE BRINDLEY and THE EAR, NOSE &
THROAT CENTERS OF TEXAS PLLC.
     Defendants.

_____/

IN THE DISTRICT COURT OF

COLLIN COUNTY, TEXAS    FILED

FEB – 1 2017

Clerk, U.S. District Court
Texas Eastern

366th JUDICIAL DISTRICT_____

**Cause no. 366-02430-2014**

4:17cv75
Judge Mazzant
Judge Johnson

BENCH TRIAL

<u>**NOTICE OF REMOVAL**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Muriel Fiedler, plaintiff seeking the Courts action to remove the above styled

case to the United States District Court Eastern District of Texas and says:

1.  Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction. Jurisdiction in this case is based on

complete diversity of citizenship of the parties and the amount in controversy exceeds, exclusive

of interest and costs, the sum specified by 28 U.S.C § 1332.

2.  Plaintiff, Muriel Fiedler declares that she is a citizen of Florida and at the time the complaint

was filed, she was still a citizen of Florida.

3.  When the plaintiff filed her complaint, she had two residences; an apartment in Texas and her

home in Florida. Using the "domicile test" plaintiff's domicile is determined by residency

coupled by the intent to remain indefinitely. *Gordon v. Steele*, 376 F. Supp. 575 (W.D. Pa. 1974).

The Court in *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974) stated the following:

"A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Stine v. Moore*, 5 Cir., 1954, 213 F.2d 446, 448.

4. Plaintiff's permanent home where her husband holds real property is in Florida.

5. Plaintiff's home has held a mortgage since 1993.

6. Plaintiff has been a resident of Florida since 1991 and has returned to Florida intermittently to check on her home and pets while she was living in Texas from 2010-2013.

7. Plaintiff declares that it never crossed her mind to sell her home in Florida and to remain in Texas indefinitely.

8. In Holmes v. Sopuch, 639 F.2d 431 (8th Cir. 1981) the Court held that although Holmes (plaintiff) resided in Ohio he did not "acquire domicile because he intended to leave at a definite time. Similarly, plaintiff, Muriel Fiedler only intended on living in Texas for three years.

9. Plaintiff Muriel Fiedler returned to her home in Florida in 2013.

10. Plaintiff Muriel Fiedler is not a registered voter in any state. However, plaintiff's spouse holds a Florida voter registration card.

11. Defendant(s) Mace Brindley is a licensed physician practicing in Collin County, Texas with The Ear, Nose & Throat Centers of Texas PLLC, a domestic limited liability company duly formed and existing under the laws of the State of Texas with a principal place of business in Collin County, Texas.

12. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court Eastern District of Texas for the Sherman division because all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas.

13. Plaintiff's original petition, First and Second amended petitions were erroneously filed by her former attorneys. The former petitions alleged that the State Court had jurisdiction and that

there was no diversity between the plaintiff and the defendant. Plaintiff amended her pleading by adding additional facts to the Third Amended Petition and realized that she forgot to correct the jurisdictional error of no diversity. However, Plaintiff submitted a Fourth Amended Petition alleging diversity of citizenship in accordance to 28 U.S.C.A. § 1653, on January 26, 2017 and in compliance with the Judge signed Discovery Control and Schedule Plan dated, October 7, 2016, for amended pleadings.

14. Further, the Original, First, Second and Third petitions did not state that Mrs. Fiedler was a citizen of Florida.  Similarly, the plaintiff in *Menard v. Goggan*, 121 U.S. 253, 253, 7 S. Ct. 873, 874, 30 L. Ed. 914 (1887) only averred to Texas residency not citizenship in his pleadings which was not enough per the Court.  In contrast, Mrs. Fiedler's last pleading (Fourth Amended Petition) states Florida citizenship, complete diversity and alleges facts in support thereof.

15. Plaintiff, Muriel Fiedler filed a motion to remove her civil complaint based on the Court's Lack of Subject Matter Jurisdiction to the United States District Court for the Eastern District of Texas.

16. Plaintiff's motion to Remove for Lack of Subject Matter Jurisdiction was denied on January 26,2017.

17. In cases removed from State Court to Federal Court, diversity of citizenship must exist at the time of filing in State Court and at the time of filing in Federal Court, *Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996). Likewise, at the time of filing in State Court, complete diversity of citizenship existed between the plaintiff and defendant and at the time of filing the Notice of Removal to the United States District Court for the Eastern District of Texas, complete diversity still exists between the Plaintiff Muriel Fiedler and the Defendant Mace Brindley and The Ear, Nose and Throat Centers of Texas PLLC.

WHEREFORE, plaintiff prays that this Court removes her case from the State Court to the Federal Court because it has original and subject matter jurisdiction over complete diversity between citizens of different states and for which the amount in controversy exceeds the sum specified in 28 U.S.C. § 1332.

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice of Removal has been forwarded to counsel of record by certified mail/return receipt this 31st day of January, 2017.

Respectfully submitted,

Muriel Fiedler / Plaintiff
902 Lingo Ct. Oviedo, FL 32765
E:muriefiedler1972@gmail.com
P: (407) 781-7274