No. 366-02430-2014

| | | |
|---|---|---|
| MURIEL FIEDLER,<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | COLLIN COUNTY, TEXAS |
| MACE BRINDLEY, M.D.<br>    Defendant. | §<br>§<br>§ | 366th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MURIEL FIEDLER ("Plaintiff") complaining of MACE BRINDLEY, M.D. ("Defendant") and for cause of action would respectfully show the Court and the jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Discovery in this case should be conducted under Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure. Plaintiff respectfully requests that this Court enter an appropriate Scheduling Order so that discovery may be conducted in this case pursuant to Level 3.

### II.
### PARTIES

2. Plaintiff, MURIEL FIEDLER, resides in Dallas County, Texas.

3. Defendant, MACE BRINDLEY, M.D., is a licensed physician practicing in Collin County, Texas. Defendant may be served with citation by serving his attorney of record, Vernon L. Krueger, at Krueger, Bell & Bailey, LLP, 1701 North Market Street, Suite 318, L.B. 45, Dallas, Texas 75202.

4. To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against him pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit, Defendant answer in his correct legal name and assumed name.

### III.
### JURISDICTION AND VENUE

5. Plaintiff cites to and fully incorporates herein the facts set forth in Sections II, IV, and V of this pleading.

6. Plaintiff affirmatively pleads that this Court has jurisdiction because the damages sought are in excess of the minimum jurisdictional limits of the Court. Furthermore, all of the causes of action asserted in this case arose in the State of Texas, and all of the parties to this action are either residents of the State of Texas or conduct business in this State and committed the torts that are the subject of this suit in whole or in part in Texas, as hereafter alleged in more detail. Furthermore, Defendant is a resident of the State of Texas and/or has his principal place of business in Texas; therefore, there is not diversity of citizenship. Therefore, this Court has both subject matter and personal jurisdiction over all of the parties and all of the claims.

7. Venue is proper in Collin County, Texas, under the general venue statute of the Texas Civil Practice and Remedies Code Section 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas, and no mandatory venue provision applies.

### IV.
### BACKGROUND AND CAUSES OF ACTION

8. It has become necessary to institute this suit due to the severe and permanent

injuries Muriel Fiedler suffered as a result of the Defendant's negligence.

9. On December 23, 2013, forty-one year old Muriel Fiedler presented to the Surgery Center of Plano for a scheduled tonsillectomy and turbinate reduction surgery with Mace Brindley, M.D. ("Dr. Brindley"). Due to previous difficulties with anesthesia, Ms. Fiedler opted to have her operation done under local anesthesia and light sedation, meaning that she would be fully awake during the procedure. Thus, after Ms. Fiedler's turbinates and tonsils were injected to minimize pain, Ms. Fiedler was allowed to wake up from her anesthesia so that she could handle her own secretions and prevent aspiration.

10. After Ms. Fiedler woke up, Dr. Brindley removed her turbinates and tonsils. Dr. Brindley then noted that Ms. Fiedler's uvula was swollen so he decided to "trim" the uvula. Dr. Brindley did not inform Ms. Fiedler of his intent to trim her uvula even though she was fully awake. Unfortunately, instead of merely trimming Ms. Fiedler's uvula, the evidence at trial will show that the entire uvula was removed. Even worse, Dr. Brindley did not inform Ms. Fiedler of his mistake, and Ms. Fiedler was discharged home later that day with no knowledge that her uvula was removed.

11. On December 27, 2013, Ms. Fiedler presented to Las Colinas Urgent Care Center because she was unable to swallow, had nasal drainage, and was in pain. During the physical examination, the physician at the urgent care center discovered that Ms. Fiedler's uvula was gone. The physician contacted Dr. Brindley concerning Ms. Fiedler's condition, and Dr. Brindley simply told the physician to advise Ms. Fiedler to take her pain medication as prescribed. However, due to Ms. Fiedler's missing uvula and difficulty swallowing, she was worried about choking on the pills. To this day, Ms.

Fiedler still has difficulty swallowing. Fluids frequently make her cough once they enter her trachea or come up and go out her nose, which is uncomfortable and embarrassing. Ms. Fiedler's speech and voice have also changed since the removal of her uvula, and she can no longer participate in activities that she used to enjoy. For example, Ms. Fiedler used to be an active member of her church's choir; however, today she is no longer able to sing and hit the same notes that she could prior to the removal of her uvula.

12.     When this case is tried, the evidence will show that the standard of care mandates that a physician consent his patient prior to any procedure performed so that the patient can be fully informed of all risks, benefits, and alternatives before receiving an invasive surgery or procedure. However, prior to her surgery Ms. Fiedler never consented for a uvulectomy. When this case is tried, the evidence will also show that the standard of care mandates that a physician utilize the most appropriate technique when performing a surgery. However, based on the fact that Ms. Fiedler no longer has a uvula, it is clear that any procedure Dr. Brindley used to "trim" Ms. Fiedler's uvula was improperly performed. In other words, when this case is tried, the evidence will show that Dr. Brindley was negligent in his care and treatment of Ms. Fiedler. Said negligence includes, but is not limited to: (1) performing a non-consented surgery; and (2) the manner in which the non-consented surgery was performed. In other words, the evidence will show that Defendants breached the standard of care in their care and treatment of Ms. Fiedler, said breaches of the standard of care constitute negligence as that term is defined by the laws and statutes of this State, and said breaches of the standard of care, singularly or in combination with each other, were proximate causes of the Plaintiff's resulting injuries and damages.

## V.
## DAMAGES

13. There are certain elements of damage, recognized in law, that Plaintiff is entitled to have the jury separately consider in a case of this nature. Those elements of damage include the following:

    a. Physical pain and mental anguish sustained in the past;

    b. Physical pain and mental anguish that, in reasonable probability, the Plaintiff will sustain in the future;

    c. Physical impairment sustained in the past;

    d. Physical impairment that, in reasonable probability, the Plaintiff will sustain in the future;

    e. Medical care expenses in the past;

    f. Medical care expenses that, in reasonable probability, the Plaintiff will incur in the future;

    g. Disfigurement sustained in the past; and

    h. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future.

14. All of the cited elements of damages have been proximately caused by the negligent acts and omissions of Defendant, for which this suit is brought. Because of the above and foregoing, Plaintiff has been damaged, and will be damaged, in a sum greatly in excess of the minimum jurisdictional limits of this court.

## VI.
## NOTICE

15. Plaintiff provided the Defendant with written notice of her claims as required by Texas Civil Practice and Remedies Code Section 74.051, of the Medical Liability and Insurance Improvement Act.

## VII.
### EXPERT REPORT

16.     Pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code, Plaintiff hereby serves on the parties the expert report and curriculum vitae required. The expert report and curriculum vitae of Peter Bermann, M.D., are attached hereto as Exhibits A and B, respectively, and are served in compliance with the Texas Rules of Civil Procedure.

## VIII.
### JURY TRIAL

17.     Plaintiff respectfully requests a jury trial in accordance with the applicable provisions of the Texas Rules of Civil Procedure.

## IX.
### PRAYER

18.     For the above reasons, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial Plaintiff have judgment against Defendant, jointly and severally, for:

(a)     All actual damages, general and special, to which she shows herself justly entitled;

(b)     Pre-judgment and post-judgment to the extent allowed by law;

(c)     All costs incurred in this lawsuit; and

(d)     Such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**McIver Brown Law Firm**

_____
John J. Brothers   Texas Bar No: 24064955
Lauren A. Dech    Texas Bar No: 24090069
712 Main Street, Suite 800
Houston, Texas 77002
Telephone: 832-767-1673
Facsimile: 832-767-1783
Email: firm@mciverbrown.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2014, a true and correct copy of the foregoing instrument was served *via facsimile*, to the following counsel of record:

Vernon L. Krueger
Krueger, Bell & Bailey
1701 N. Market Street, Suite 318, L.B. 45
Dallas, Texas 75202
F: (469) 364-8051
E: vernon@kbbllp.com

_____
John J. Brothers

7 of 7

Plaintiff's First Amended Petition - Page 7